UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:08-cv-21449-Lenard/Garber

ALVI ARMANI MEDICAL, INC. and
DR. ANTONIO ALVI ARMANI,

    Plaintiffs,

vs.

PATRICK HENNESSEY and
MEDIA VISIONS, INC.,

    Defendants.
_____/

## DEFENDANTS' RENEWED MOTION TO DISMISS COMPLAINT

Pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6) and this Court's order dated July 14, 2008 [D.E. 18], Defendants Patrick Hennessey and Media Visions, Inc. (collectively referred to as "Media Visions") file this Renewed Motion to Dismiss the Complaint for failure to state a claim and for lack of subject matter jurisdiction. In support thereof, Media Visions states:

1. The Complaint in this matter was filed on or about May 19, 2008. It purports to set forth five counts against Media Visions, the host of a website devoted to discussion of hair restoration. [D.E. 1] Those counts are for violation of Florida's Deceptive and Unfair Trade Practices Act (Count I), defamation (Count II), trade libel (Count III), tortious interference with prospective and advantageous business relationship (Count IV), and injunctive relief (Count V).

2. Per this Court's July 14, 2008 Order, Media Visions' response to the Complaint is due on or before July 18, 2008. [D.E. 18]

3. Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and applicable substantive law, Media Visions moves this Court to dismiss all five counts of the Complaint because each fails to state a claim upon which relief can be granted.

4. Specifically, because each of Plaintiffs' claims are premised upon the same allegedly false and defamatory statements, Florida's long-standing single action rule requires that they be brought and litigated as a single cause of action for defamation, and that the extraneous claims be dismissed. *Fridovich v. Fridovich*, 598 So. 2d 65, 70 (Fla. 1992).

5. Moreover, Plaintiffs failed to comply with Section 770.01, Florida Statutes, which requires pre-suit notice of defamation[1] actions like this one. Fla. Stat. § 770.01 (2007). Failure to provide pre-suit notice in this case prevents this Court from exercising subject matter jurisdiction over Plaintiffs' defamation claims. *Ross v. Gore*, 48 So. 2d 412, 416 (Fla. 1950); *Davies v. Bossert*, 449 So. 2d 418, 419 (Fla. 3d DCA 1984) (compliance with Section 770.01 "is a *jurisdictional condition precedent* to the right to maintain [an] action" for defamation) (emphasis added).

6. Plaintiffs' defamation claims also fail because the statements upon which Plaintiffs' claims are premised are not identified in the Complaint and therefore are not plead with requisite specificity required to state a defamation claim. *E.g., Conley v. Gibson*, 355 U.S 41, 47 (1957). Plaintiffs' failure to identify the statements at issue deprives Media Visions of the opportunity to review and analyze whether the statements are even capable of defamatory meaning or whether First Amendment defenses, such as the constitutional protection afforded to expression of opinions, might be applicable to Plaintiffs' claims.

7. Plaintiffs' failure to properly plead the statements at issue also prevents Media Visions from fully analyzing whether the Communications Decency Act ("CDA") provides immunity from Plaintiffs' claims. Under the CDA, Media Visions is not liable for actions premised upon content provided by the users of its Internet forums. 47 U.S.C. § 230(c).

8. Plaintiffs' Florida Deceptive and Unfair Trade Practices ("FDUTPA") and tortious interference claims, which the single action rule prohibits, also lack independent merit as a matter of law as well.

9. Specifically, Plaintiffs' FDUTPA claim fails for two reasons. First, hosting a public Internet forum does not fall under the definition of "trade or commerce" because it does not

---

[1] Trade libel and personal defamation claims receive "identical treatment" under Florida law. *E.g., Callaway Land & Cattle Co., Inc. v. Banyon Lakes C. Corp.*, 831 So. 2d 204, 209 (Fla. 4th DCA 2002). Accordingly, Counts II and III of Plaintiffs' Complaint will be collectively referred to throughout this motion and memorandum as Plaintiffs' defamation claim.

2

advertise, solicit, provide, offer, or distribute any good or service. Fla. Stat. § 501.203(8) (2007). Second, FDUTPA is specifically inapplicable to third party content and, therefore, Media Visions would not be liable for any statement made by forum members. Fla. Stat. § 501.212(2) (2007). For these reasons, the FDUTPA claim should be dismissed.

10. Similarly, Plaintiffs' tortious interference claim fails because such a claim cannot be supported by a "mere hope" that potential customers would inquire about and possibly seek treatment by the Plaintiffs. *See Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812, 814 (Fla. 1994) (holding that "[t]he mere hope that some ... past customers may choose to buy again cannot be the basis for a tortious interference claim"). Indeed, a claim for tortious interference, even with only a *prospective* business relationship, requires the existence of an actual or identifiable understanding or agreement with an identifiable person. *E.g., Ferguson Transp., Inc. v. North American Van Lines, Inc.*, 687 So. 2d 821, 822 (Fla. 1997) (per curiam); *ISS Cleaning Servs. Group, Inc. v. Cosby*, 745 So. 2d 460, 462 (Fla. 4th DCA 1999). Plaintiffs have not adequately alleged anything more than a mere hope that potential customers would consult with Plaintiffs and seek treatment. This is insufficient to state a claim. Moreover, the law also requires that the business relationship be with an "identifiable individual" not just anonymous or unnamed people or the general public, as Plaintiffs have alleged. *Ferguson*, 687 So. 2d at 822. Such allegations are insufficient to sustain a tortious interference claim, so that claim should be dismissed.

11. In addition, Plaintiffs' tortious interference claim fails because Plaintiffs have not sufficiently plead that Media Visions had knowledge of the business relationships Media Visions purportedly interfered with. *International Sales & Serv., Inc. v. Austral Insulated Prod., Inc.*, 262 F.3d 1152, 1154 (11th Cir. 2001) (*citing Ethan Allen,* 647 So. 2d at 814).

12. Finally, Count V, which seeks to enjoin future allegedly libelous publications, fails as a matter of law because the injunctive relief sought amounts to an unconstitutional prior restraint. *E.g., Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 558 (1976); *Demby v. English*, 667 So. 2d 350, 355 (Fla. 1st DCA 1995) (false and defamatory speech cannot constitutionally be enjoined).

13. In short, each count of Plaintiffs' Complaint is legally deficient and should be dismissed for failure to state a claim as a matter of law.

WHEREFORE, Media Visions requests that the Court grant this Motion and dismiss the Complaint.

Respectfully submitted,

THOMAS & LOCICERO PL

/s/ Deanna K. Shullman
James J. McGuire
  Florida Bar No. 0187798
Deanna K. Shullman
  Florida Bar No. 0514462
101 N.E. 3rd Avenue, Suite 1500
Ft. Lauderdale, FL  33301
Tel: (561) 967-2009
Fax: (561) 967-2244
deanna.shullman@tlolawfirm.com
jmcguire@tlolawfirm.com

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via CM/ECF on this 14th day of July, 2008, to:

Jose Manuel Ferrer, Esq.
jose.ferrer@bakernet.com
Joseph Mamounas, Esq.
joseph.mamounas@bakernet.com
Baker & McKenzie
1111 Brickell Avenue
Suite 1700
Miami, FL 33131-3214

and

Christina Wilson, Esq.
christina.wilson@baker.net
Richard A. De Palma, Esq.
Richard.depalma@bakernet.com
Baker & McKenzie
1114 Avenue of the Americas
New York, NY 10036

/s/ Deanna K. Shullman
Attorney

4